|  | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| William James Mathew Wallace II,<br><br>                  Plaintiff,<br><br>    v.<br><br>Pierce County Sheriff's Department et al.,<br><br>                  Defendants. | CASE NO. 3:19-cv-05329-RBL-DWC<br><br>ORDER |

The District Court has referred this action, filed pursuant to 42 U.S.C. §1983, to United States Magistrate Judge David W. Christel. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983.

Before the Court are several motions filed by Plaintiff: (1) Motion Requesting Copies of all Documents Related to this Case ("Motion for Copies") (Dkt. 21); (2) Motion to Consolidate and Add Exhibit to Complaint ("Motion to Consolidate") (Dkt. 22); and (3) Motion for Extension of Time to File Amended Complaint ("Motion for Extension") (Dkt. 23). The Court has not yet served Plaintiff's Complaint. *See* Dkts. 13, 17.

The Court denies Plaintiff's Motion for Copies (Dkt. 21) and his renewed requests for copies in his Motion to Consolidate (Dkt. 22) and Motion for Extension (Dkt. 23). The Court grants in part Plaintiff's request for a status update (Dkts. 21, 22). The Court denies Plaintiff's Motion to Consolidate (Dkt. 22). The Court grants Plaintiff's Motion for Extension (Dkt. 23) and directs Plaintiff to file an amended complaint on or before August 1, 2019. The Court denies Plaintiff's requests for subpoenas (Dkts. 22, 23).

## I. Motion for Copies (Dkt. 21)

On June 17, 2019, Plaintiff filed the Motion for Copies, wherein he requests copies of all documents related to this case. Dkt. 21. Plaintiff states he has been removed from the Washington Department of Corrections and placed in the custody of the Los Angeles County Sheriff's Department, so he is no longer in possession of his files. Dkt. 21.

To receive copies from the Court, the requesting party must pay $0.50 per page. As Plaintiff has not provided the necessary payment, his Motion for Copies (Dkt. 21) is denied. The Clerk's Office is directed to send Plaintiff copies of the Court's fee schedule and the copying charge letter. Plaintiff is also advised that it is his responsibility to keep copies of any of his own pleadings and legal documents. The Court notes Plaintiff renews his request for copies in his Motion to Consolidate (Dkt. 22) and Motion for Extension (Dkt. 23), which the Court also denies.

## II. Deprivation of Property/Access to the Courts (Dkts. 21, 22, 23)

In all three Motions, Plaintiff asks the Court to assist him in obtaining his records/legal documents. *See* Dkts. 21, 22. In the Motion to Consolidate, Plaintiff alleges the Los Angeles County Jail has denied him access to the law library and asks the Court to notify the Los Angeles County Jail of his *pro se* status. Dkt. 22. In the Motion for Extension, Plaintiff alleges

his mail was tampered with, and he no longer has access to his legal documents. Dkt. 23 at 1-2. Plaintiff attaches a grievance he filed related to his mail. Dkt. 23 at 3-6.

Here, it appears Plaintiff attempts to raise a new, separate, deprivation of property claim and/or access to the courts claim. Plaintiff is advised if he seeks to raise claims which occurred after he filed this case, he must file a separate cause of action. An amended complaint may not change the nature of a suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). The Clerk's Office is directed to send Plaintiff a copy of the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.

**III.     Request for Status Update (Dkts. 21, 22)**

In both the Motion for Copies (Dkt. 21) and Motion for Consolidation (Dkt. 22), Plaintiff requests a status update in his two pending cases. Plaintiff is proceeding *pro se* and *in forma pauperis* in two separate civil actions, both filed pursuant to 42 U.S.C. § 1983 and alleging violations of his civil rights. *See Wallace v. Pierce County Sheriff's Department*, et al., Case No. 3:19-cv-5329-RBL-DWC ("*Wallace I*"); *Wallace v. Longano et. al,* Case No. 3:19-cv-05330-RJB-JRC ("*Wallace II*"). The undersigned only has authority as to the case pending before him, *Wallace I,* thus, Plaintiff's request is granted in part. The Clerk is directed to provide Plaintiff with a copy of the docket sheet in the instant action, *Wallace I*.

### IV. Motion to Consolidate (Dkt. 22)

Plaintiff requests every document he has provided to the Court be shared between his two pending cases, *Wallace I* and *Wallace II*.[1] Dkt. 22. The Court interprets this request as a motion to consolidate this action with a separate action filed by Plaintiff. *See* Dkt. 22; *See also Wallace II*.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Under Rule 42, the Court has "broad discretion" to consolidate cases pending in the same district either upon motion by a party or *sua sponte. In re Adams Apple., Inc.* 829 F.2d 1484, 1487 (9th Cir. 1987). In exercising this discretion, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984).

The instant action, *Wallace I*, was filed on March 18, 2019. *Wallace I* at Dkt. 1. Plaintiff is challenging his conditions of confinement while housed at Pierce County Jail. *Id.* at Dkts. 1, 13. Plaintiff names as defendants Naphcare Medical and the Pierce County Jail. *Id.* at Dkt. 13. Plaintiff alleges he had broken his leg prior to his arrest, upon his placement in the Pierce County Jail, he did not receive any accommodations for his leg, was housed in an upper bunk, and was not seen by a medical provider. *Id*. In *Wallace I*, the Court declined to serve Plaintiff's Complaint, but provided Plaintiff with leave to file an amended pleading. *Id.* at Dkt. 17.

---

[1] Plaintiff also attached a grievance from the Los Angeles County Jail to his Motion to Consolidate. Dkt. 22-1. Plaintiff states the attached grievance shows how he requires the use of a wheelchair daily. Dkt. 22 at 1.

Plaintiff filed his second action, *Wallace II*, on April 11, 2019. *Wallace II* at Dkt. 1. In *Wallace II*, Plaintiff alleges claims against Defendants Frank Longano, Mark Wentworth, Goodenough, Sandra Thompson, Connor, Watson, James Key, Don McIntyre, Kleemke, Jessica Fitzpatrick. and Mr. Martin. *See id*. at Dkt. 19. Plaintiff alleges Defendants violated his constitutional rights when they acted with deliberate indifference to Plaintiff's serious medical needs while he was incarcerated at Washington Department of Corrections ("DOC") facilities *See id*.

While the two cases require application of § 1983 law and involve Plaintiff's treatment for his leg, they do not involve the same set of facts or legal issues. For example, the cases concern different time periods and different defendants. *See Wallace I* at Dkt. 13; *Wallace II* at Dkt. 19. Moreover, the cases are at different procedural postures. In *Wallace II*, Plaintiff's complaint has been served and the Court is awaiting the filing of the defendants answer or another response. *See Wallace II* at Dkt. 21. If the Court were to consolidate the two cases, resolution of *Wallace II* would be delayed considerably because the Court would require Plaintiff to file an amended complaint and litigation for both cases would be essentially restarted. The Court finds the inconvenience and delay that will be caused by consolidation outweighs any time and effort saved by consolidation. Accordingly, Plaintiff's Motion to Consolidate (Dkt. 22) is denied.

Because Plaintiff has been filing documents which he seeks to file in both *Wallace I* and *Wallace II*, the Court finds it appropriate to provide Plaintiff with the following filing directions:

- On the top right side of each document submitted to the Court, Plaintiff must clearly indicate the case number.

- Plaintiff cannot file the same document in both cases; therefore, each filing should indicate only one case number on the top right side.
- As the two cases involve different facts and different defendants, Plaintiff must only file documents which relate to the specific facts of the case in which the document is filed.
- If any filing does not comply with these instructions, the Court will not consider the filing.

The Clerk is directed to file this Order in *Wallace II*, 3:19-cv-05330-RJB-JRC.

**V.     Motion for Extension (Dkt. 23)**

Plaintiff filed the Motion for Extension, seeking an extension of time to file his amended complaint. Dkt. 23. Plaintiff states he did not receive the Court's May 16, 2019 Order until June 18, 2019. Dkt. 23 at 1-2. Attached to the Motion for Extension, Plaintiff filed a grievance from the Los Angeles County Jail wherein he complained his mail was tampered with. Dkt. 23 at 3-6. Plaintiff's request for an extension is granted, Plaintiff shall file an amended complaint on or before August 1, 2019.

**VI.    Requests for Subpoena (Dkts. 22 and 23)**

Plaintiff requests the Court subpoena his records from Naphcare and the Pierce County Jail. Dkts. 22, 23. As the Court stated in its May 16, 2019 Order (Dkt. 17), the Court has determined Plaintiff's Complaint shall not be served at this time but has given Plaintiff an opportunity to file an amended complaint. To the extent Plaintiff is seeking discovery from Defendants, his request is premature. In this case, the discovery period will begin when the Court enters a pre-trial scheduling order, which will occur after an answer has been filed by Defendants. As the Court has not yet served Plaintiff's Complaint or entered a pre-trial

scheduling order, the discovery period has not yet begun. Accordingly, Plaintiff's request for a subpoena (Dkts. 22, 23) is denied without prejudice as premature.

## VII. Instructions to the Clerk

The Court directs the Clerk to provide Plaintiff with copies of: this Order, the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, the Pro Se Instruction Sheet, the Court's fee schedule, copying charge letter, and the docket sheet in the instant action. The Clerk is also directed to file this Order in *Wallace II*, 3:19-cv-05330-RJB-JRC.

## CONCLUSION

The Court denies Plaintiff's Motion for Copies (Dkt. 21) and his renewed requests for copies in his Motion to Consolidate (Dkt. 22) and Motion for Extension (Dkt. 23). The Court grants in part Plaintiff's request for a status update (Dkts. 21, 22). The Court denies Plaintiff's Motion to Consolidate (Dkt. 22). The Court grants Plaintiff's Motion for Extension (Dkt. 23) and directs Plaintiff to file an amended complaint on or before August 1, 2019. The Court denies Plaintiff's requests for subpoenas (Dkts. 22, 23).

Dated this 27th day of June, 2019.

David W. Christel
United States Magistrate Judge