UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| William James Mathew Wallace II,<br><br>Plaintiff,<br><br>v.<br><br>Pierce County Sheriff's Department,<br><br>Defendant. | CASE NO. 3:19-cv-05329-RBL-DWC<br><br>ORDER |

Before the Court are three motions filed by Plaintiff: (1) "Motion to Request the Appointment of Counsel" ("Motion to Appoint Counsel") (Dkt. 25); (2) "Motion to Enter Additional Supporting Evidence re Amended Complaint" ("Motion to Supplement") (Dkt. 28); and (3) "Motion Seeking Court to Appoint Expert Witness" ("Motion to Appoint Expert Witness") (Dkt. 28).

After review of the Motions and relevant record, Plaintiff's Motion to Appoint Counsel (Dkt. 25) and Motion to Appoint Expert Witness (Dkt. 29) are denied without prejudice. The Court grants Plaintiff's Motion to Supplement (Dkt. 28) and Plaintiff may file a proposed second amended complaint on or before September 3, 2019.

**A. Motion to Appoint Counsel (Dkt. 25)**

Plaintiff requests appointment of counsel. Dkt. 25. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff contends Defendants have been uncooperative, and he has been transferred several times which has limited access to his records. Dkt. 25 at 1-2. Plaintiff alleges he lacks resources, knowledge, and "other tools to mount a successful argument in trial or even in negotiations." Dkt. 25 at 10. This case does not involve complex facts or law, and Plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. As the Court has screened and declined to serve Plaintiff's Original Complaint, Plaintiff has also not shown he is likely to succeed on the merits of his case. Accordingly, Plaintiff's Motion to Appoint Counsel (Dkt. 25) is denied without prejudice.

**B. Motion to Supplement (Dkt. 28)**

Plaintiff seeks permission to file a supplement to his Amended Complaint. Dkt. 28. Plaintiff states he needs to add evidence to his Amended Complaint which he recently obtained. Dkt. 28 at 2. Plaintiff also appears to include additional factual allegations in his Motion to Supplement. *See* Dkt. 28. Plaintiff has not attached a proposed second amended complaint. *See* Dkt.

Here, the Court previously screened Plaintiff's Original Complaint and directed Plaintiff to file an Amended Complaint by August 1, 2019. Dkts. 17, 23, 24. Plaintiff filed his Amended Complaint on July 22, 2019. Dkt. 27. Three days later, on July 25, 2019, Plaintiff moved for the Court to allow him to supplement the Amended Complaint. Dkt. 28. Because Defendants have not yet been served with Plaintiff's Amended Complaint, and because the Court has already provided Plaintiff leave to amend, Plaintiff's Motion to Supplement (Dkt. 28) is granted. Plaintiff may file a proposed second amended complaint on or before September 3, 2019.

The proposed second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the Amended Complaint (Dkt. 27) by reference. The proposed second amended complaint will act as a complete substitute for the Amended Complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court will screen the proposed second amended complaint to determine if Plaintiff has sufficiently stated a claim for relief under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915A(a).

If Plaintiff fails to file a proposed second amended complaint on or before September 3, 2019, this case will proceed on the Amended Complaint (Dkt. 27).

**C. Motion to Appoint Expert Witness (Dkt. 29)**

Plaintiff requests the Court appoint his treating orthopedic surgeon to support his claims that Defendants acted with deliberate indifference, failed to make reasonable accommodations, and failed to provide him with access to handicapped showers and a wheelchair. Dkt. 29 at 1-2. Plaintiff argues the expert testimony will assist the Court or jury in "understanding the issue." Dkt. 29 at 6. In the alternative, Plaintiff argues "the prison officials [should] pay the entire cost of the expert as [he] is indigent" or Plaintiff pay the costs of his expert witness and counsel from any relief. Dkt. 29 at 6.

Federal Rule of Evidence 706 allows the court to appoint a neutral expert. *Students of Cal. Sch. For the Blind v. Honig,* 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds,* 471 U.S. 148 (1985). The determination to appoint an expert rests solely in the court's discretion and the complexity of the matters to be determined and the need for neutral expert review. *See Leford v. Sullivan,* 105 F.3d 354, 358-59 (9th Cir. 1997). "Appointment [of expert witnesses] may be appropriate when 'scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue....' " *Levi v. Director of Corrections,* 2006 WL 845733 (E.D. Cal. March 31, 2006) (citing *Ledford v. Sullivan,* 105 F.3d 354, 358–59 (7th Cir. 1997). However, "[r]easonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Walker v. Woodford,* 2008 WL 793413 (S.D. Cal., March 24, 2008) (citation omitted).

The issue in this case is whether Defendants acted with deliberate indifference to Plaintiff's serious medical needs when they determined Plaintiff did not need surgery or certain accommodations. For the most part, it appears Plaintiff requests the appointment of an expert for his benefit alone. Essentially, Plaintiff is requesting the Court appoint an expert to serve as his

advocate and to create a triable issue of fact. This, however, is not the function of a neutral expert witness. *See Spinks v. Lopez*, 2014 WL 411283, at *2 (E.D. Cal. Feb. 3, 2014), *subsequently aff'd,* 623 F. App'x 499 (9th Cir. 2015) ("The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant[.]"). *Bontemps v. Lee,* 2013 WL 417790, at *3–4 (E.D. Cal. Jan. 31, 2013); *Gamez v. Gonzalez,* 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010).

To the extent Plaintiff's request can be construed as a request for a neutral expert, the facts of this case are not extraordinary, and the legal issues are not complex. *See Sloan v. Oakland Police Dep't*, 376 F. App'x 738, 740 (9th Cir. 2010); *Honeycutt v. Snider,* 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases."). Accordingly, at this stage of litigation, where the Court has not yet directed service of Plaintiff's Original or Amended Complaint, the Court does not need to appoint a neutral expert. *See e.g. Montanez v. Gonzalez,* 2013 WL 6048132, *1 (E.D. Cal. Nov. 14, 2013), *Brooks v. Tate,* 2013 WL 4049043, at *1 (E.D. Cal. Aug. 7, 2013). Accordingly, the Court denies Plaintiff's Motion to Appoint an Expert Witness (Dkt. 29) without prejudice.

**D. Conclusion**

For the above stated reasons, Plaintiff's Motion to Appoint Counsel (Dkt. 25) and Motion to Appoint Expert Witness (Dkt. 29) are denied without prejudice. Neither counsel nor an expert witness are necessary at this time. The Court grants Plaintiff's Motion to Supplement (Dkt. 28). Plaintiff shall have until September 3, 2019 to file a proposed second amended complaint. The

Clerk is directed to provide Plaintiff with the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint.

Dated this 8th day of August, 2019.

David W. Christel
United States Magistrate Judge