# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| William James Mathew Wallace II,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Pierce County Sheriff's Department et al.,<br><br>　　　　　　Defendants. | CASE NO. 3:19-cv-05329-RBL-DWC<br><br>ORDER |

The District Court has referred this action, filed pursuant to 42 U.S.C. §1983, to United States Magistrate Judge David W. Christel. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983.

Before the Court is Plaintiff's Motion to Submit Documentary Evidence (the "Motion"). Dkt. 32. The Court denies the Motion (Dkt. 32) but orders Plaintiff to file an amended complaint on or before October 30, 2019.

The Court previously screened Plaintiff's Original Complaint and directed Plaintiff to file an Amended Complaint by August 1, 2019. Dkts. 17, 23, 24. Plaintiff filed his proposed Amended Complaint on July 22, 2019. Dkt. 27. Three days later, on July 25, 2019, Plaintiff

moved for the Court to allow him to supplement the Amended Complaint. Dkt. 28. On August 8, 2019, the Court granted Plaintiff's Motion to Supplement (Dkt. 28). Dkt. 30. Plaintiff was directed to file a proposed second amended complaint on or before September 3, 2019. *Id.*

Plaintiff did not file a proposed second amended complaint, and instead filed the Motion. Dkt. 32. Plaintiff now seeks permission to file documentary evidence related to his medical care received showing negligence and deliberate indifference. Dkt. 32. Plaintiff's Motion vaguely references violations of his constitutional rights but does not include any substantive factual allegation in the Motion. Dkt. 32.

Here, Plaintiff has failed to comply with the Court's August 8, 2019 Order. He has not filed a proposed second amended complaint, and instead, attempts to file documentary evidence with the Court. Dkt. 32. At this stage of the case, where the Amended Complaint has not been screened and served, it is not necessary for Plaintiff to file any documentary evidence. Therefore, the Motion (Dkt. 32) is denied without prejudice.

Nevertheless, the Court affords Plaintiff one final opportunity to file a proposed second amended complaint. Plaintiff is ordered to file a complete proposed second amended complaint, and not any supplement or additional evidence, on or before October 30, 2019. The proposed second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the Amended Complaint (Dkt. 27) by reference. The proposed second amended complaint will act as a complete substitute for the Amended Complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court will screen the proposed second amended complaint to determine if Plaintiff has sufficiently stated a claim for relief under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915A(a). In the proposed second amended complaint,

Plaintiff need only provide a short and plain statement of the claims showing he is entitled to relief. Plaintiff should list his factual allegations according to the claims he is asserting and Plaintiff may, if he wishes, include the evidence submitted with this Motion as a part of his proposed second amended complaint.

If Plaintiff fails to file a proposed second amended complaint on or before October 30, 2019, the case will screen the proposed Amended Complaint (Dkt. 27) to determine if Plaintiff has sufficiently stated a claim for relief under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915A(a). The Clerk is directed to provide Plaintiff with the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint.

Dated this 3rd day of October, 2019.

David W. Christel
United States Magistrate Judge