UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| William James Mathew Wallace II, <br><br> Plaintiff, <br><br> v. <br><br> Pierce County Sheriff's Department et al., <br><br> Defendants. | CASE NO. 3:19-cv-05329-RBL-DWC <br><br> ORDER |

Plaintiff William James Mathew Wallace II, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Amended Complaint but provides Plaintiff leave to file an amended pleading by December 12, 2019 to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is currently incarcerated at the Los Angeles County Men's Central Jail, filed his Original Complaint on May 13, 2019. Dkt. 13. On May 16, 2019, the Court entered an

1  Order to Show Cause or Amend advising Plaintiff he had named improper Defendants and failed

2  to allege personal participation. Dkt. 17. Plaintiff filed his Amended Complaint on July 22, 2019.

3  Dkt. 27.

4      Three days later, on July 25, 2019, Plaintiff filed a Motion to Supplement seeking

5  permission to file a supplement to his Amended Complaint. Dkt. 28. The Court granted

6  Plaintiff's Motion to Supplement and allowed Plaintiff to file a proposed second amended

7  complaint on or before September 3, 2019. Dkt. 30.

8      Plaintiff did not file a proposed second amended complaint, but instead filed a Motion to

9  Submit Documentary Evidence. Dkt. 32. Plaintiff sought permission to file documentary

10  evidence related to his medical care. Dkt. 32. The Court denied the Motion to Submit

11  Documentary Evidence, but again ordered Plaintiff to file a proposed second amended complaint

12  on or before October 30, 2019. Dkt. 33. Plaintiff was advised that if he failed to file a proposed

13  second amended complaint on or before October 30, 2019, the Court would screen the Amended

14  Complaint (Dkt. 27) to determine if Plaintiff had sufficiently stated a claim for relief under 42

15  U.S.C. § 1983 civil rights complaint. Plaintiff did not file a proposed second amended complaint.

16  Therefore, the Court proceeds to screen the Amended Complaint (Dkt. 27).

17                              **AMENDED COMPLAINT**

18      In his Amended Complaint, Plaintiff alleges Defendants acted with deliberate

19  indifference to his serious medical needs in violation of the Eighth Amendment and the

20  Americans with Disabilities Act ("ADA"). Dkt. 27.  Plaintiff has named the following as

21  Defendants: Dr. Miguel Balderama; Irina Hughes, ARNP; Bridget Stixrood, RN; Elizabeth

22  Warren, RN; Meghan Bailey, RN; Sergeant Blower, Sergeant Heishman; Jon Slohouser, Medical

23

24

1  Director; City of Tacoma; and Pierce County. Dkt. 27. Plaintiff seeks monetary damages. Dkt.

2  27.

3  **DISCUSSION**

4        Under the Prison Litigation Reform Act of 1995, the Court is required to screen

5  complaints brought by prisoners seeking relief against a governmental entity or officer or

6  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

7  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

8  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

9  who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

10  152 F.3d 1193 (9th Cir. 1998).

11        Plaintiff's Amended Complaint suffers from deficiencies requiring dismissal if not

12  corrected in a second amended complaint.

13  **I.**      **Section 1983 Claims**

14        In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must sufficiently

15  allege that: (1) he suffered a violation of rights protected by the Constitution or created by

16  federal statute, and (2) the violation was proximately caused by a person acting under color of

17  state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983

18  claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v.*

19  *Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second step, a plaintiff must allege facts

20  showing how individually named defendants caused, or personally participated in causing, the

21  harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

22        Plaintiff alleges Defendants violated his rights under the Eighth Amendment when he

23  was denied medical treatment for his leg, received incorrect medication and was denied access to

24

1    an ADA shower and cell. Dkt. 27. Based on the allegations in the Complaint, Plaintiff was not

2    incarcerated following a formal adjudication of guilt at the time of the alleged violations. Dkt.

3    27. As such, conditions of confinement imposed on him are governed by the Fourteenth

4    Amendment Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Frost v.*

5    *Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). "Because pretrial detainees' rights under the

6    Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment,

7    however, we apply the same standards." *Frost*, 152 F.3d at 1128; *Clouthier v. County of Contra*

8    *Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010).

9         A.   Inadequate Medical Treatment and Conditions of Confinement

10        Plaintiff alleges Defendants Balderama, Hughes, Stixrood, Warren, and Bailey failed to

11   provide adequate medical treatment. Dkt. 27.

12        "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary

13   and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation

14   omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim

15   has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the

16   defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1991),

17   *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en

18   banc). A mere difference of opinion between a prisoner-patient and prison medical authorities

19   regarding treatment is not enough to give rise to a § 1983 claim. *Sanchez v. Vild,* 891 F.2d 240,

20   242 (9th Cir. 1989). Nor is medical negligence or malpractice cognizable under § 1983. *Franklin*

21   *v. Oregon,* 662 F.2d 1337, 1344 (9th Cir. 1981).

22        However, Plaintiff has not included allegations that he did not receive treatment, only

23   that he did not receive the *specific* treatment he desired. Based on the allegations in the Amended

24

1    Complaint, Plaintiff was seen and treated by medical personnel each time he requested medical

2    attention. *See* Dkt. 27 at 2-6. This is also supported by the evidence Plaintiff submitted with the

3    Amended Complaint. *See* Dkt. 27-2. Between May 2017 and January 2018, Pierce County Jail

4    medical providers saw Plaintiff 13 times for sick call visits. *See* Dkt. 27-2 at 55. Plaintiff also

5    received ibuprofen, acetaminophen, Vitamin-D, and Bengay ointment. Dkt. 27-2 at 56-60. At

6    most, these allegations establish Plaintiff's disagreement with the decision not to x-ray his leg or

7    offer a new splint. Plaintiff's disagreement with the course of medical treatment is insufficient to

8    establish deliberate indifference. *See Sanchez,* 891 F.2d at 242.

9         Moreover, Plaintiff's complaints regarding the purportedly improper application of his

10   splint, incorrect medication, or misdiagnosis of his leg injury do not establish deliberate

11   indifference. Dkt. 27 at 4, 5. *See Estelle,* 429 U.S. at 105–06 ("[A] complaint that a physician has

12   been negligent in diagnosing or treating a medical condition does not state a valid claim of

13   medical mistreatment under the Eighth Amendment."); *Wilhelm v. Rotman,* 680 F.3d 1113, 1123

14   (9th Cir. 2012) (affirming dismissal of Eighth Amendment claim directed to prison physician

15   whose alleged deliberate indifference to a serious medical need amounted only to negligent

16   diagnosis or difference of opinion); *Franklin v. State of Or., State Welfare Division,* 662 F.2d

17   1337, 1344 (9th Cir. 1981) (allegation that prison medical personnel improperly administered

18   insulin, causing soreness and swelling of the plaintiff's arm alleges "mere negligence, not

19   deliberate indifference to a serious medical problem sufficient to establish cruel and unusual

20   punishment under the Eighth Amendment").

21        Plaintiff also alleges Defendants Bailey, Hughes, and Slohouser failed to provide Plaintiff

22   with durable medical equipment ("DME"), reasonable accommodations for his leg injury, and

23   access to an ADA shower and cell. Dkt. 27.

24

1  Prison officials must provide prisoners with food, clothing, shelter, sanitation, medical

2  care, and personal safety. *Wright v. Rushen,* 642 F.2d 1129, 1132-33 (9th Cir. 1981) (quoting

3  *Wolfish v. Levi,* 573 F.2d 118, 125 (2d Cir. 1978)). "What is necessary to show sufficient harm

4  for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue."

5  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment

6  claim is...contextual and responsive to 'contemporary standards of decency.'" *Id.* (quoting

7  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "[E]xtreme deprivations are required to make out

8  a[n] [Eighth Amendment] conditions-of-confinement claim." *Id.* at 9.

9  Here, however, Plaintiff fails to allege facts demonstrating a particular Defendant was

10  aware of a substantial risk of harm yet deliberately ignored or failed to reasonably respond to the

11  risk, causing Plaintiff harm. Absent these facts, Defendants cannot be deliberately indifferent.

12  *See Frost,* 152 F.3d at 1129 (prison officials were deliberately indifferent where they knew

13  plaintiff fell several times using crutches in the shower and did not provide accommodations);

14  *Adams v. Schwartz*, 2008 WL 544390 at *8 (E.D. Cal. Feb. 26, 2008) (finding plaintiff had not

15  shown defendants were aware of a risk of harm to plaintiff by way of, for example, previous falls

16  or earlier grievances).

17  Plaintiff has failed to allege facts supporting deliberate indifference. If Plaintiff wishes to

18  pursue a claim for inadequate medical treatment or the conditions of his confinement, he must

19  provide a second amended complaint with a short, plain statement explaining exactly what

20  actions were taken by an individual Defendant, how each Defendant's actions violated plaintiff's

21  constitutional rights, and how the medical treatment or accommodations he received constituted

22  deliberate indifference.

23

24

B.  <u>Grievances</u>

Plaintiff alleges Defendants Heishman, Blower, and Slohouser failed to investigate Plaintiff's complaints and grievances. Dkt. 27 at 7, 8. There is no constitutional right to a prison grievance system. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez*, 334 F.3d at 860; *Stewart v. Block*, 938 F.Supp. 582 (C.D. Cal. 1996); *Hoover v. Watson*, 886 F.Supp. 410 (D. Del. 1995) (*aff'd,* 74 F.3d 1226). If the state elects to provide a grievance mechanism, alleged violations of such grievance procedures does not give rise to § 1983 claims. *Silva v. Gregoire*, 2007 WL 1814073 at *6 (W.D. Wash. 2007); *Hoover v. Watson*, 886 F.Supp. 410, 418 (D. Del. 1995) (*aff'd,* 74 F.3d 1226); *Brown v. Dodson,* 863 F.Supp. 284, 285 (W.D. Va. 1994); *Allen v. Wood*, 970 F.Supp. 824, 832 (E.D. Wash. 1997) (The grievance process is an internal prison process for handling prison complaints and does not involve substantive rights).

Because plaintiff lacks a separate constitutional entitlement to any grievance procedure, Plaintiff's claims against Defendants Heishman, Blower, and Slohouser for failing to properly investigate his grievances, fail. *See Wise v. Washington State Department of Corrections*, 244 Fed.Appx. 106, 108 (9th Cir. 2007) ("An inmate has no due process rights regarding the proper handling of grievances."). Plaintiff must show cause why his grievance-related claims should not be dismissed.

C.  <u>Supervisory Liability</u>

Plaintiff alleges Defendant Slohouser allowed subordinates to perform below the standard of care. Dkt. 27 at 9. However, in a § 1983 action, "supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). Rather, a supervisor may only be liable "if there exists either (1) his or her personal involvement in the constitutional

1  deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and

2  the constitutional violation." *Id.* at 646 (citation omitted).

3       Here, Plaintiff has not alleged Defendant Slohouser was involved in, or had any causal

4  connection to, the treatment provided by Pierce County Jail medical staff. Therefore, even if

5  Defendant Slohouser's subordinates engaged in unconstitutional conduct, Defendant Slohouser

6  cannot be held liable for the treatment they provided. *Hansen*, 885 F.2d at 645-46. If Plaintiff

7  seeks to sue Defendant Slohouser based on supervisory liability, he must allege facts

8  demonstrating how Defendant Slohouser violated his constitutional rights.

9       D.  Municipal Liability

10      Plaintiff alleges Defendants Pierce County and City of Tacoma subjected him to a

11  dangerous environment, injuries because of "slippery floors,"[1] and failed to provide Plaintiff

12  with reasonable accommodations. Dkt. 27 at 10. To set forth a claim against a municipality such

13  as the City of Tacoma or Pierce County, a plaintiff must show the defendant's employees or

14  agents acted through an official custom, pattern, or policy permitting deliberate indifference to,

15  or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-

16  91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a

17  policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and

18

19
_____

20      [1] The Court notes the Ninth Circuit has found "[e]ven if the floors of the shower are slippery and [the
   inmate] might fall while showering, "slippery prison floors ... do not state even an arguable claim for cruel and
21  unusual punishment." *LeMaire v. Maass,* 12 F.3d 1444, 1457 (9th Cir. 1993) (citation omitted). District courts have
   also found prisoners fail to state a constitutional claim regarding slip and fall accidents. *Pauley v. California*, 2018
22  WL 5920780, at *4-5 (E.D. Cal. Nov. 13, 2018) (collecting cases); *Bozeman v. Santoro*, 2018 WL 3532909, at *5
   (E.D. Cal. July 23, 2018) (dismissing disabled inmate's slip-and-fall claim under ADA and Eighth Amendment with
23  leave to amend). *But see Corso v. Doe,* 478 F. App'x 444, at *1 (9th Cir. 2012) (inmate sufficiently alleged an
   Eighth Amendment "slip-and-fall" claim by alleging prison officials knew that other inmates had also been injured
   on the slippery shower floors yet failed to take protective measures) (citing *Farmer*, 511 U.S. at 847).
24

1   (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954

2   F.3d 1470, 1474 (9th Cir. 1992).

3          Plaintiff has not identified any Pierce County or City of Tacoma custom or policy which

4   amounts to deliberate indifference, or that any such policy was the moving force behind a

5   constitutional violation. Thus, Plaintiff has not alleged a claim against Defendants Pierce County

6   and City of Tacoma. If Plaintiff seeks to sue Pierce County or the City of Tacoma, he must allege

7   facts sufficient to meet the required elements of a claim against a municipality and allege facts

8   demonstrating how Pierce County and/or the City of Tacoma violated his constitutional rights.

9   **II.     ADA Violations**

10         Plaintiff generally alleges violations of the ADA. Dkt. 27. However, the Court is not able

11  to discern the exact nature of the claims or whether Plaintiff is attempting to bring his ADA

12  claims against Defendants in their individual or official capacities. To the extent Plaintiff is

13  attempting to bring these claims against Defendants in their individual capacities, Plaintiff fails

14  to state a claim because individual liability is precluded under the ADA. *Stewart v. Unknown*

15  *Parties,* 483 F. App'x 374, 374 (9th Cir. 2012) (citing *Lovell v. Chander,* 303 F.3d 1039, 1052

16  (9th Cir. 2002)); *see also Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn,* 280 F.3d 98, 107

17  (2d Cir. 2001) (Title II of the ADA does not provide for individual capacity suits against state

18  officials.).

19         To the extent Plaintiff is attempting to bring ADA claims against Defendants in their

20  official capacities, the ADA provides a "qualified individual with a disability" cannot, "by

21  reason of such disability, be excluded from participation in or be denied the benefits of the

22  services, programs, or activities of a public entity, or be subjected to discrimination by any such

23

24

entity." 42 U.S.C. § 12132. "To state a claim of disability[2] discrimination under Title II [of the ADA], the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir. 2002).

In order to recover money damages under Title II, a plaintiff must prove that he was discriminated against intentionally and the Ninth Circuit uses the "deliberate indifference standard." *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138–39 (9th Cir. 2001). To prove intentional discrimination, Plaintiff must show: 1) that a public entity had knowledge that a violation of his rights under the ADA was substantially likely to occur; and 2) at a minimum, the public entity failed to act. *Lovell v. Chandler,* 303 F.3d 1039, 1056 (9th Cir. 2002).

Plaintiff fails to allege facts showing Defendants discriminated against him *on the basis of* his alleged disability.[3] *See* Dkt. 27. "The ADA prohibits discrimination *because of* disability, not inadequate treatment for disability." *Simmons v. Navajo Cty,* 609 F.3d 1011, 1022 (9th Cir. 2010) (emphasis added) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled

---

[2] The term "disability" under the ADA means, "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1). Major life activities include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2).

[3] The Court addressed Plaintiff's allegations related to the denial of reasonable accommodations and DME with respect to the Eighth and Fourteenth Amendments, *see supra* Section I.A.

1  prisoners.... The ADA does not create a remedy for medical malpractice.")). Thus, Plaintiff has

2  failed to state a claim under Title II of the ADA against Defendants.  If Plaintiff elects to file an

3  amended pleading re-alleging his ADA claims, he must include facts supporting each element

4  discussed above.

5  **III.    Instructions to Plaintiff**

6  If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a

7  second amended complaint and within the second amended complaint, he must write a short,

8  plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2)

9  the name of the person who violated the right; (3) exactly what the individual did or failed to do;

10  (4) how the action or inaction of the individual is connected to the violation of Plaintiff's

11  constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's

12  conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). In addition, if Plaintiff wishes

13  to pursue a claim pursuant to Title II of the ADA against Defendants Pierce County and the City

14  of Tacoma, Plaintiff must allege facts demonstrating show intentional discrimination and

15  Defendants acted with deliberate indifference, which requires both knowledge a harm is likely

16  and a failure to act upon such a likelihood. *See Duvall,* 260 F.3d at 1138.

17  Plaintiff shall present the second amended complaint on the form provided by the Court.

18  The second amended complaint must be legibly rewritten or retyped in its entirety, it should be

19  an original and not a copy, it should contain the same case number, and it may not incorporate

20  any part of the prior complaints by reference. The second amended complaint will act as a

21  complete substitute for the Original Complaint and Amended Complaint, and not as a

22  supplement. The Court will screen the second amended complaint to determine whether it

23  contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

24

The Court will not authorize service of the second amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file a second amended complaint or fails to adequately address the issues raised herein on or before December 12, 2019, the Court will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

## INSTRUCTIONS TO THE CLERK

The Court directs the Clerk to provide Plaintiff with the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service and provide Plaintiff with copies of this Order and Pro Se Instruction Sheet.

Dated this 12th day of November, 2019.

David W. Christel
United States Magistrate Judge