UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

William James Mathew Wallace II,

    Plaintiff,

    v.

Pierce County Sheriff's Department et al,

    Defendants.

CASE NO. 3:19-cv-05329-RBL-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff's Third Motion for the Appointment of Counsel ("Motion").[1] Dkt. 57.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

---

[1] Also pending are two Motions to Dismiss (Dkt. 55, 61), which will be handled in a separately filed report and recommendation.

ORDER - 1

discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

The Court previously denied Plaintiff's first two Motions for Appointment of Counsel because he failed to show any exceptional circumstances. Dkt. 17, 30. In his third Motion, Plaintiff alleges he is unable to afford counsel, the issues presented are complex, he has limited access to the law library, he does not have a high school education, he is untrained in the law, and he has not able to retain outside counsel. Dkt. 57.

Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, Plaintiff has filed a number of pretrial motions, filed two Amended Complaints based on the Court's Orders to Show Cause, and responded to Defendants' Motions to Dismiss.  Dkt. 15, 16, 22, 23, 24, 25, 27, 28, 29, 30, 32, 35, 58, 59, 65, 67.  Moreover, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). Plaintiff has not shown, nor does the

Court find, this case involves complex facts or law. While it may be true the issues in this case will require significant research and investigation, that does not justify the appointment of counsel. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). And lastly, Plaintiff has not shown he is likely to succeed on the merits of his case.

Plaintiff's third Motion does not present the Court with any reason to change its prior conclusion that no exceptional circumstances exist which warrant the appointment of counsel in this case. Therefore, Plaintiff has not shown "exceptional circumstances" exist in this case and his Motion is denied without prejudice.

Dated this 17th day of April, 2020.

David W. Christel
United States Magistrate Judge