UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM JAMES MATHEW
WALLACE, II,

                Plaintiff,

     v.

NAPHCARE HEALTHCARE, et al.,

                Defendants.

CASE NO. 3:19-CV-5329-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: July 31, 2020

      The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendant City of Tacoma's Motion to Dismiss or the alternative, Motion for More Definite Statement (hereinafter the "Motion"). Dkt. 73.[1] After review of the Motion and the record before the Court, the Court

---

[1] The remaining Defendants Balderrama, Blower, Heishman, Pierce County Sheriff, Bailey, Hughes, Naphcare Healthcare, Slohouser, Stixrood, and Warren are represented by separate counsel. *See* Dkt. Also pending are two Motions for Summary Judgment filed by the remaining Defendants, which are currently noted for July 3, 2020. Dkt. 55, 61.

1  recommends granting the Motion for More Definite Statement and denying the Motion to

2  Dismiss without prejudice with leave to renew.

3  **<u>Background</u>**

4       Plaintiff alleges violations of his civil rights and the Americans with Disabilities Act

5  arising from allegations of inadequate medical treatment and conditions of confinement while

6  housed at the Pierce County Jail. Dkt. 35. Plaintiff asserts his claims against Defendant City of

7  Tacoma as well as employees of NaphCare Inc. and Pierce County, Defendants Balderrama,

8  Blower, Heishman, Pierce County Sheriff, Bailey, Hughes, Naphcare Healthcare, Slohouser,

9  Stixrood, and Warren. Dkt. 35.

10       Defendant City of Tacoma filed its Motion on April 28, 2020. Dkt. 73.  Plaintiff filed a

11  Response, Defendant City of Tacoma filed a Reply, and Plaintiff filed a Surreply. Dkt. 79, 77,

12  85. As Plaintiff is proceeding *pro se* and Defendant City of Tacoma did not object to the

13  Surreply, the Court also considered Plaintiff's Surreply in ruling on the Motion.

14  **<u>Discussion</u>**

15       Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain

16  statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a

17  pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(e).  If a pleading is so vague

18  or ambiguous a defendant "cannot reasonably be required to frame a responsive pleading, the

19  party may move for a more definite statement."  Fed. R. Civ. P. 12(e).  "If a pleading fails to

20  specify the allegations in a manner that provides sufficient notice, a defendant can move for a

21  more definite statement under Rule 12(e) before responding."  *Swierkiewicz v. Sorema N.A.*, 534

22  U.S. 506, 514 (2002).  Defendants are required to "point out the defects complained of and the

23  details desired."  Fed. R. Civ. P. 12(e).

24

1    In the Motion, Defendant City of Tacoma maintains Plaintiff has failed to allege any facts

2 against the municipal entity City of Tacoma, City of Tacoma employees or officers, or any

3 official policies or customs. Dkt. 73. Defendant City of Tacoma argues Plaintiff has failed to

4 articulate any claim against it and is not able to discern the basis for any claims. *Id.* at 5.

5    When a plaintiff seeks to impose liability on local governments under § 1983, a plaintiff

6 must show the municipality employees or agents acted through an official custom, pattern, or

7 policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the

8 entity ratified the unlawful conduct. *See Monell v. New York City Dept. of Social Services*, 436

9 U.S. 658, 690-91 (1978). Specifically, a plaintiff must show (1) deprivation of a constitutional

10 right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a

11 plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional

12 violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Hence, for a plaintiff to

13 recover against a municipality such as Defendant City of Tacoma, the municipality may only be

14 held liable if its policies or customs are the "moving force behind the constitutional violation."

15 *City of Canton*, 489 U.S. at 389 (quoting *Monell*, 436 U.S. at 694).

16    In this case, the Amended Complaint does not satisfy the Rule 8 requirement setting forth

17 a short statement of the elements of the claim. *See* Dkt. 35. Plaintiff has not alleged facts showing

18 Defendant City of Tacoma is liable under § 1983. Plaintiff has not identified a policy, custom, or

19 pattern implemented by Defendant City of Tacoma which resulted in deprivation of Plaintiff's

20 constitutional rights. *Id.* The Court finds Defendant City of Tacoma cannot reasonably prepare a

21 response to the Amended Complaint because the allegations are overly vague and ambiguous

22 regarding how Defendant City of Tacoma's actions violated Plaintiff's rights. As such, a more

23 definite statement from Plaintiff is required in order for the Defendant City of Tacoma to be

24

fairly apprised of the nature of the claims and the facts making up the basis for those claims. Fed. R. Civ. P. 12(e). Such clarification is necessary before the Court can address the challenges made in Defendant City of Tacoma's Motion to Dismiss.

Therefore, the Court finds Plaintiff must provide a more definite statement. *See Papas v. Bercovici*, 2008 WL 2687441, *6 (D. Ariz. July 2, 2008) ("the Court may entertain a motion for a more definite statement of a pleading that is so vague or ambiguous that the responding party cannot reasonably prepare a response"). The Court recommends granting Defendant City of Tacoma's Motion for More Definite Statement and denying the Motion to Dismiss (Dkt. 73) without prejudice with leave to renew.

## Conclusion

Based on the above stated reasons, the Court recommends granting Defendant City of Tacoma's Motion for a More Definite Statement and denying the Motion to Dismiss (Dkt. 73) without prejudice with leave to renew. The Court recommends Plaintiff file an amended complaint on a date set by the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 31, 2020, as noted in the caption.

Dated this 23rd day of June, 2020.

David W. Christel
United States Magistrate Judge