UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLLIAM JAMES MATHEW
WALLACE, II,

                Plaintiff,

     v.

NAPHCARE HEALTHCARE, et al.,

                Defendants.

CASE NO. 3:19-CV-5329-MJP-DWC

REPORT AND RECOMMENDATION

NOTED FOR: OCTOBER 2, 2020

      The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants Balderrama, Blower, Heishman, and Pierce County Sheriff's Motion for Summary Judgment (Dkt. 55) and Defendants Bailey, Hughes, Naphcare Healthcare, Slohouser, Stixrood, and Warren's Motion for Summary Judgment (Dkt. 61) (hereinafter "Defendants"). After review of the Motions, the Court recommends the Motions be denied as moot without prejudice.

      In the Motions, Defendants seek dismissal of the claims alleged against them in Plaintiff's Second Amended Complaint. *See* Dkt. 35, 55, 61. On August 31, 2020, Plaintiff filed

1    a Third Amended Complaint. Dkt. 94. An amended complaint supersedes the original and any

2    prior complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original and any

3    prior complaints are "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

4    1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

5    The Motions attack the Second Amended Complaint, which is now "non-existent." *See* Dkt. 35,

6    55, 61, 94.

7        Accordingly, the undersigned recommends the Motions (Dkt. 55, 61) be denied as moot

8    without prejudice, and Defendants be allowed to re-file dispositive motions based on the

9    allegations contained in the Third Amended Complaint. *See Bacon v. Reyes*, 2013 WL 3893254

10   (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of

11   an amended complaint); *Nelson v. City of Los Angeles*, 2015 WL 1931714, *22 (C.D. Cal. Apr.

12   28, 2015) (recommending summary judgment motions be denied without prejudice to their

13   reassertion after the plaintiff was given leave to amend because the motions for summary

14   judgment were based on the original complaint); *Farkas v. Gedney*, 2014 WL 5782788, *3 (D.

15   Nev. Nov.6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the

16   scope of defendants' now-filed motion for summary judgment, defendants' motion for summary

17   judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be

18   amended complaint."); *Bromfield v. McBurney*, 2008 WL 623322, *2 (W.D. Wash. March 3,

19   2008) (recommending the defendants' motion to dismiss be denied as moot because an amended

20   complaint was filed, which operated as a complete substitute for the original complaint).

21       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

22   Procedure, the parties shall have fourteen (14) days from service of this Report to file written

23   objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

24

REPORT AND RECOMMENDATION: - 2

1  objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time

2  limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October

3  2, 2020, as noted in the caption.

4      Dated this 3rd day of September, 2020.

5

6                                          _____

7                                          David W. Christel
                                           United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION: - 3