UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

William James Mathew Wallace II,

          Plaintiff,

   v.

Pierce County Sheriff's Department et al,

          Defendants.

CASE NO. 3:19-cv-05329-MJP-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff's "Declaration in Response to Order for a More Definite Statement." Dkt. 93. Plaintiff states he has complied with the Court's prior Order to file a more definite statement and wishes to have an attorney appointed in this case. *Id.* In an abundance of caution, the Court construes the pleading as a Fourth Motion for the Appointment of Counsel (hereinafter the "Motion").[1] Dkt. 93.

---

[1] Also pending are two Motions for Summary Judgment (Dkt. 96, 100) and a Motion to Dismiss (Dkt. 98) which will be handled in a separately filed report and recommendation.

ORDER - 1

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

The Court previously denied Plaintiff's first three Motions for Appointment of Counsel because he failed to show any exceptional circumstances. Dkt. 17, 30, 70. In his fourth Motion, Plaintiff alleges he has been transferred and denied access to the law library. Dkt. 93 at 1. Plaintiff alleges he lost documents and records which hindered his ability to pursue this case. *Id.* Plaintiff alleges he was appointed counsel in another case in the District of Oregon and asks for the appointment of the same attorney, Mr. Mark Passannante, in this matter. Dkt. 93 at 2. Plaintiff alleges he attempted to contact several attorneys but has not heard back from any of them. *Id.*

1       First, Plaintiff's argument he was appointed counsel in another, unrelated case in the District of Oregon, is irrelevant. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, Plaintiff has filed a number of pretrial motions, filed three Amended Complaints based on the Court's Orders to Show Cause, and responded to Defendants' Motions to Dismiss.  Dkt. 15, 16, 22, 23, 24, 25, 27, 28, 29, 30, 32, 35, 58, 59, 65, 67, 78, 79, 80, 89, 94, 106.  Moreover, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). While plaintiff may be able to better litigate this case with appointed counsel, that fact, alone, does not establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331. Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. And lastly, Plaintiff has not shown he is likely to succeed on the merits of his case.

       Plaintiff's fourth Motion does not present the Court with any reason to change its prior conclusion that no exceptional circumstances exist which warrant the appointment of counsel in this case. Therefore, Plaintiff has not shown "exceptional circumstances" exist in this case and his Motion is denied without prejudice.

To the extent Plaintiff attempts to raise a separate claim alleging that he was deprived of his legal property or denied access to the courts, Plaintiff is advised if he seeks to raise claims challenging such conditions of confinement, he must file a separate cause of action pursuant to 42 U.S.C. § 1983. The Clerk's Office is directed to send petitioner a copy of the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 13th day of October, 2020.

David W. Christel
United States Magistrate Judge